Verner M. Ingram, Jr., Esq. Village Attorney, Canton
I am writing in response to your request for an Attorney General's opinion as to whether a village may give its police force the authority to enter onto private property to ticket a motor vehicle that is parked in violation of the municipal code.
As stated in your letter, the Village of Canton has been experiencing problems with cars being parked on the front lawns of residential buildings in residential zones. The village considers this to be a safety hazard, in addition to causing an "aesthetic blight" on the neighborhood. The village has attempted to alleviate the problem by enacting a local law requiring landlords of multi-unit dwellings to provide side and rear parking for their tenants. This has not solved the problem, and the village is now contemplating ticketing the offending automobiles, much in the way overtime parking tickets are given out in the street. You have asked whether the village may give its police the authority to issue such tickets to cars parked on private property.
Apparently, you are concerned that the provisions of the Vehicle and Traffic Law do not authorize the proposed regulations. Under the Vehicle and Traffic Law, local governments may not regulate motor vehicles on the highways of the State unless specifically authorized by its provisions (Vehicle and Traffic Law, §§ 1600, 1604). Local regulations must be consistent with the provisions of the Vehicle and Traffic Law (ibid.). The Vehicle and Traffic Law, however, does not deal with the parking of vehicles on private property.
Villages have general police powers to provide for the welfare of their inhabitants:
 "1. General Powers of the board of trustees. In addition to any other powers conferred upon villages, the board of trustees of a village shall have management of village property and finances, may take all measures and do all acts, by local law, not inconsistent with the provisions of the constitution, and not inconsistent with a general law . . . which shall be deemed expedient or desirable for the good government of the village, its management and business, the protection of its property, the safety, health, comfort and general welfare of its inhabitants, the protection of their property, the preservation of peace and good order . . ." (emphasis added; Village Law, § 4-412; see also Municipal Home Rule Law, § 10[1][ii][a][12]).
In an earlier opinion, we addressed the issue of whether a city could regulate parking of tractor trailers on private property within the city (1982 Op Atty Gen [Inf] 130). We concluded that it was within the city's police power to regulate parking on private property without the property owner's permission (ibid.). In our opinion, the grant of police power to a village, being equivalent to the police power of a city under consideration in the 1982 opinion, is sufficient to allow for regulation of parking on private property.*
A local law prohibiting parking on lawns is certainly defensible as within the village's police powers to further the safety and general welfare of persons and property in the village. Cars randomly parked on the lawns of residences, besides creating safety hazards, may also create an unfavorable appearance that the village could legitimately wish to discourage (see City Council of Los Angeles v Vincent, 466 U.S. 789
[1984]). Enforcement of the local law by means of issuing tickets would be within the power of the village police department (Municipal Home Rule Law, § 10[4][a]; Village Law, §§ 8-800, 8-802).
We conclude that a village has the authority to prohibit, by local law, parking on the lawns of residences within the village and to enforce such local law by issuing tickets.
* We have concluded that it is within a village's police power to ticket and/or tow cars which were parked without permission on a village resident's property (1980 Op Atty Gen [Inf] 217; see also 1980 Op Atty Gen [Inf] 176 [town's authority to remove cars left by trespassers]). In both of these opinions, the issue was whether the municipality could enter a resident's property, at the invitation of the property owner, in order to remove cars left pursuant to a trespass.